IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GINGER K. WITHEY,

    Plaintiff,

v.                                            CASE NO. 1:11-cv-260-MP-GRJ

MARY DAY COKER,
JAMES P. NILON, and
WALTER A. GREEN,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* First Amended Complaint. (Doc. 6.)  Plaintiff filed her Amended Complaint on the Court's civil rights complaint form to be used by pro se (non-prisoner) litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983 naming three state court judges as Defendants.  From a review of the amended complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted and bring claims against individuals who are immune from suit.  Accordingly, Plaintiff's First Amended Complaint is due to be dismissed.

## DISCUSSION

Plaintiff's First Amended Complaint is somewhat short on factual details, so it is difficult to determine exactly the basis of Plaintiff's claims.  However, from a review of the Amended Complaint and the documents attached to the complaint, it is evident that Plaintiff is attempting to challenge decisions of state court judges in a case or cases in which the Plaintiff's parental rights were terminated. Judges Mary Day Coker and

James P. Nilon are circuit judges in the Eighth Judicial Circuit in and for Alachua County, Florida, who presided over state court cases in which Plaintiff lost custody of her children when her parental rights were terminated.  Judge Walter Green is an Alachua County Court Judge who appears to have presided over criminal proceedings involving Plaintiff.  Although Plaintiff conclusionally alleges that the Defendants violated her federal constitutional rights she fails to specify which constitutional rights were violated and fails to allege specific facts to support her claims that those rights were violated.

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*.  Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).  In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue,  2009 WL 47497, at *1 (S.D. Ala.2009).  An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one  'without arguable merit. " Harris v.

Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886 892 (5th Cir.1976)).  'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28 U.S.C. §1915A).  "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965.  In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

Plaintiff's Amended Complaint is due to be dismissed for at least two reasons. First, because this case essentially requests this Court to review the decisions of Florida state courts the court does not have subject matter jurisdiction to do so. Second, even assuming Plaintiff could state a claim, because she has sued state court judges her claims are barred by judicial immunity.

Turning first to the substance of Plaintiff's claims, to the extent Plaintiff is asking this Court to overrule the final judgments issued in the state court cases in which Plaintiff lost custody of her children when the state court judges terminated her parental rights, the Court has no authority to do so.  It is well established "[a]ccording to the *Rooker-Feldman* doctrine, [that] 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'"  Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996)(quoting District of Columbia Court of Appeals v. Feldman, 460, U.S. 462, 482 (1983)).  If Plaintiff wishes to challenge the decisions terminating her parental rights Plaintiff's recourse is to appeal those decisions through the state court system, not to challenge them here in federal court.

Secondly, even assuming Plaintiff had stated a claim and this Court had the authority to review the state court decisions (which the court does not) Plaintiff's claims against the Defendants are barred by absolute judicial immunity.  Defendants are all state court judges. It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted).  Absolute judicial immunity applies to all of a judge's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id.

Thus, to the extent Plaintiff claims damages against the defendant judges her claims are barred by judicial immunity. To the extent Plaintiff requests this Court to direct the state court judges to change their rulings this Court does not have jurisdiction to do so. While the Court appreciates the serious nature of Plaintiff's loss of custody of her children, she must seek recourse in the state judicial system and not here in federal court, which is a court of limited jurisdiction. For these reasons, Plaintiff's First Amended Complaint is due to be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's First Amended Complaint (Doc. 6) should be **DISMISSED**, all pending motions should be terminated and the clerk should be directed to close the file.

**IN CHAMBERS** this 1st day of February 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**